**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| NEUROPROTEXEON, INC. | ) | |
| | ) | Case No. 19-12676 (___) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-3883425 | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | Chapter 11 |
| NEUROPROTEXEON LIMITED. | ) | |
| | ) | Case No. 19-12678 (___) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 98-1444379 | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | Chapter 11 |
| NEUROPROTEXEON GMBH. | ) | |
| | ) | Case No. 19-12679 (___) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 98-1445397 | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | Chapter 11 |
| NPXE PLC. | ) | |
| | ) | Case No. 19-12677 (___) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 98-1519811 | ) | |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES;
AND (II) GRANTING RELATED RELIEF**

By this motion (the "Motion"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seek the entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) directing joint administration of these chapter 11 cases; and (ii) granting related

relief as more fully set forth in this Motion. In support of this Motion, the Debtors rely on the *Declaration of William Burns in Support of First Day Motions* (the "Burns Declaration") filed contemporaneously herewith. In further support of this Motion, the Debtors submit as follows:

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1015-1 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. Pursuant to Local Rule 9013-1(f), the Debtors hereby consent to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing the above-captioned Chapter 11 case. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No creditors' committee has been appointed in these cases. No trustee or examiner has been appointed.

6. A detailed description of the Debtors' business operations, corporate structure, capital structure, and reasons for commencing this case is set forth in full in the Burns Declaration, which was filed contemporaneously herewith and is incorporated herein by reference.

## RELIEF REQUESTED

7. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) directing procedural consolidation and joint administration of the above-captioned chapter 11 cases; and (b) granting related relief. The Debtors request that one docket be maintained for all four of the jointly-administered cases under the case of NeuroproteXeon, Inc., and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEUROPROTEXEON, INC., *et al.* | Case No. 19-12676 (___) |
| Debtors.[1] | Jointly Administered |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: NeuroproteXeon, Inc. (3425); NeuroproteXeon Limited (4379); NeuroproteXeon GmbH (5397); and NPXe PLC (9811). The location of the Debtors' corporate headquarters is 50 Cobham Drive, Orchard Park, New York 14127.

8. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

9. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of NeuroproteXeon, Inc. to reflect the joint administration of these chapter 11 cases.

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: NeuroproteXeon, Inc. Case No. 19-12676 (___); NeuroproteXeon Limited, Case No. 19-12678 (___); NeuroproteXeon GmbH, Case No. 19-12679 (___); and NPXe PLC, Case No. 19-12677 (___). The docket in Case No. 19-12676 (___) should be consulted for all matters affecting this case.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) states in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." FED. R. BANKR. P. 1015. The four Debtor entities that commenced these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

12. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g., In re Mac Acquisition LLC,* No. 17-12224 (MFW) (Bankr. D. Del. Oct. 19, 2017) (directing joint administration of chapter 11 cases); *In re GST AutoLeather, Inc.*, No. 17-12100 (LSS) (Bankr. D.

Del. Oct. 4, 2017) (same); *In re Model Reorg Acquisition, LLC*, No. 17-11794 (CSS) (Bankr. D. Del. Aug. 29, 2017) (same).

13. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Additionally, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## **NOTICE**

15. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 20 largest unsecured claims against the Debtors; (c) counsel to JMB Capital Partners Lending, LLC; (d) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (e) any such other party entitled to notice pursuant to Local Rule 9013-1(m). As this Motion is seeking "first day" relief, within forty-eight hours of the entry of an order approving this Motion, the Debtors will serve copies of this Motion and any order

entered in respect to this Motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

16. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE,** the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  December 16, 2019      **ASHBY & GEDDES**
        Wilmington, Delaware

*/s/ William P. Bowden*
William P. Bowden (No. 2553)
Gregory A. Taylor (No. 4008)
Stacy L. Newman (No. 5044)
Katharina Earle (No. 6348)
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899
Phone: (302) 654-1888
Facsimile: (302) 654-2067

*Proposed Counsel for Debtors
and Debtors-in-Possession*

# **EXHIBIT A**

**(Proposed Order)**

{01511097;v1 }

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| NEUROPROTEXEON, INC. | ) | |
| | ) | Case No. 19-12676 (___) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-3883425 | ) | **Related Docket No.** ___ |
| | ) | |
| IN RE: | ) | |
| | ) | Chapter 11 |
| NEUROPROTEXEON LIMITED. | ) | |
| | ) | Case No. 19-12678 (___) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 98-1444379 | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | Chapter 11 |
| NEUROPROTEXEON GMBH. | ) | |
| | ) | Case No. 19-12679 (___) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 98-1445397 | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | Chapter 11 |
| NPXE PLC. | ) | |
| | ) | Case No. 19-12677 (___) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 98-1519811 | ) | |
| | ) | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES;
AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") (a) directing the joint

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

{01511097;v1 }

administration of the Debtors' chapter 11 cases for procedural purposes only; and (b) granting related relief, all as more fully set forth in the Motion; and upon the Burns Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

    1.    The Motion is GRANTED as set forth herein.

    2.    The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 19-12676 (___).

    3.    The caption of the jointly administered cases shall read as follows:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEUROPROTEXEON, INC., *et al.* | ) | Case No. 19-12676 (___) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: NeuroproteXeon, Inc. (3425); NeuroproteXeon Limited (4379); NeuroproteXeon GmbH (5397); and NPXe PLC (9811). The location of the Debtors' corporate headquarters is 50 Cobham Drive, Orchard Park, New York 14127.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry substantially similar to the following shall be entered on the docket of NeuroproteXeon, Inc. to reflect the joint administration of these cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: NeuroproteXeon, Inc., Case No. 19-12676 (___); NeuroproteXeon Limited, Case No. 19-12678 (___); NeuroproteXeon GmbH, Case No. 19-12679 (___); and NPXe PLC, Case No. 19-12677 (___). The docket in Case No. 19-12676 (___) should be consulted for all matters affecting this case.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases. This Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

7. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Motion.

9. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to any orders of this Court approving any debtor in possession financing for, or any use of cash collateral by, the Debtors, and any documents providing for such debtor in possession financing and the Budget governing such debtor in possession financing and use of cash collateral. Nothing in this Order does or shall be deemed to alter or amend the interim or final debtor in possession financing order, as applicable, the loan documents governing any debtor in possession loan or the Budget (which shall control in the event of any inconsistency).

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.